

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,862

### EX PARTE GERARDO FLORES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-24959 IN THE 217TH DISTRICT COURT
### IN ANGELINA COUNTY

**KELLER, P.J., filed a concurring opinion in which HERVEY, J., joined.**

In *Ex parte Reed*, we held that, when a trial court makes findings of fact that are "not supported by the record," we may make our own findings of fact.[1] The Court now goes a step beyond *Reed* and holds that when a trial court's findings "do not resolve the necessary factual issues" we must exercise our role as the ultimate finder of fact. But if the problem is just that the findings that the trial court has made are "not helpful" and do not adequately address the issues to be resolved, it seems that the proper course of action should be to remand the case to the trial court to make findings that do address the issues to be resolved. We do it all the time. If inadequacy of the findings were the real problem in this case, I would do the same here.

---

[1] *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008) ("When our independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record, we may exercise our authority to make contrary or alternative findings and conclusions.").

In this case, however, we need not remand the case to the trial court because it really does not matter what the trial court's findings are. The evidence presented in this case supports only one legal conclusion: that appellant was not deprived of the effective assistance of counsel.

As the Court points out, trial counsel presented the testimony of a well-qualified expert, Dr. Pustilnik, a medical examiner from a nearby county in Texas. Dr. Pustilnik's testimony was, in general, favorable to applicant. Dr. Kliman was also well qualified, but he was a researcher rather than a "hands on" expert, and he was from out of state. As a matter of law, the decision to call a well-qualified, local, hands-on expert instead of a well-qualified, out-of-state, research expert does not constitute deficient performance. Even if the trial court did not believe trial counsel's explanation for his decision regarding Dr. Kliman, that decision does not meet the first prong of *Strickland*. And counsel cannot be faulted for failing to call Dr. Bux, whose testimony would have been cumulative of that presented through Dr. Pustilnik.

With respect to the prejudice inquiry, our task is not to determine whether Dr. Kliman rather than Dr. Pustilnik should be believed.[2] Instead, our task is to determine whether there is a reasonable probability that Dr. Kliman's testimony would have impacted the jury in such a way as to change the outcome of the case. As the Court points out, the State could have called experts to attack Dr. Kliman's theories, so calling Dr. Kliman would merely have escalated the battle of experts without appreciably changing the relative weight of the defense evidence versus that presented by the State. And the cumulative nature of Dr. Bux's testimony means that there is no reasonable probability that

---

[2] Sometimes, such as in cases where an *Atkins* mental-retardation claim is made, which expert's testimony should be credited is an issue in the habeas proceeding. *See Ex parte Lewis*, 223 S.W.3d 372, 378 (Tex. Crim. App. 2006) (Cochran, J., concurring) (trial judge ultimately chose to place greater reliance upon state's expert than defense expert in concluding that the habeas applicant was not mentally retarded).

it would have affected the outcome of the case.

Finally, with respect to applicant's claim that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence, the Court's analysis shows that the evidence was in fact sufficient to support applicant's conviction, so he suffered no prejudice. Moreover, given that appellate counsel presented issues that were weighty enough for this Court to grant discretionary review of them,[3] counsel cannot be found to be deficient for failing to present an unmeritorious sufficiency-of-the-evidence claim.

With these comments, I concur in the Court's judgment.

Filed: December 5, 2012
Publish

---

[3] *See Flores v. State*, 245 S.W.3d 432 (Tex. Crim. App. 2008).